IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  2:17-CV-00050 |
| PAX CHRISTI INSTITUTE | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Liberty Mutual Insurance Company (the "Surety"), files this its Original Complaint against Pax Christi Institute ("Pax Christi") and respectfully states:

**I.
PARTIES**

1.    Plaintiff, the Surety, is a Massachusetts corporation with its principal place located at 175 Berkeley Street, Boston, Massachusetts 02116.

2.    Defendant, Pax Christi, is a Texas non-profit religious organization, with its principal place of business located at 4601 Calallen Drive, Corpus Christi, Texas 78410. Pax Christi may be served with process through its registered agent, Teresa Marie Diaz at 4601 Calallel Drive, Corpus Christi, Texas 78410.

**II.
JURISDICTION AND VENUE**

3.    This is an action for declaratory judgment and supplemental relief under 28 U.S.C. §§ 2201 and 2202.

4.    Subject matter jurisdiction is based on 28 U.S.C. § 1332(a)(1), diversity of citizenship. The parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs, interest, and attorneys' fees.

5.      Venue is proper in this Court because Defendant Pax Christi has its principal place of business in Corpus Christi, Texas, and the contract at issue in this case was to be performed in Corpus Christi, Texas.

### III.
### GENERAL ALLEGATIONS

6.      On or about May 31, 2011, Pax Christi and Marshall Company, Ltd. ("Marshall") entered into the Marshall Contract for Marshall to perform construction services for a guaranteed maximum price of $11,500,000.

7.      On or about September 24, 2010, Pax Christi hired Turner, Ramirez, & Associates, Inc. ("Turner & Ramirez') to design the plans and specifications, and to administer and supervise the project.

8.      Pursuant to the terms of the Marshall Contract, Marshall agreed to perform certain construction work related to four buildings: The Chapel, Administration Building, Reception Hall, and Dormitory (the "Construction Work").

9.      The Surety issued a performance bond (the "Bond") with Marshall as principal, and Pax Christi as obligee. A true and correct copy of the Bond is attached hereto as "Exhibit A," and incorporated herein.

10.     The penal sum of the Bond is $11,500,000.

11.     The Bond says that "[a]ny suit under this bond must be instituted before the expiration of twenty-five (25) months from the date on which the right of action accrues."

12.     On April 22, 2014, Turner & Ramirez and Pax Christi signed a certificate that the work of Marshall was substantially complete. A true and correct copy of the certificate of substantial completion is attached hereto as "Exhibit B", and incorporated by reference herein.

13.    On April 25, 2014, a Certificate of Occupancy was issued. Thereafter, Pax Christi took beneficially occupancy of the project.  A true and correct copy of the certificate of occupancy is attached hereto as "Exhibit C", and incorporated by reference herein.

14.    On or about December 15, 2014, Marshall submitted a "final payment application" of $890.01, which was paid in full by Pax Christi. A true and correct copy of the "final payment" check is attached hereto as "Exhibit D", and incorporated by reference herein.

15.    Marshall was paid all contract balances, and retainages from Pax Christi.

16.    The Surety did not sign a "consent of surety," as required by the contract, prior to the release of retainage or prior to the making of final payment.

17.    Failure to obtain consent of surety is a material breach of the Bond, and renders the Bond null & void.

18.    Pax Christi did not permit Marshall to attend the "one-year walk-through" on the project.

19.    After final payment was made, Pax Christi asserted various claims against the performance bond.

20.    Pax Christi requested that the Surety join an arbitration that Pax Christi instituted against its architect (Turner & Ramirez) and Marshall. The Surety denied Pax Christi's request because, *inter alia*, the bond is null & void.

21.    As of February 3, 2017, Pax Christi has not instituted suit against the Surety. Any potential suit is now time-barred, because any cause of action would necessarily have had to accrue on or before April 22, 2014, when the certificate of substantial completion was issued by Pax Christi's architect and Pax Christi, and more than 25 months have elapsed since that date.

# IV.
## DECLARATION SOUGHT

22.　In order to resolve this controversy, the Surety requests that, pursuant to 28 U.S.C. § 2201 and 2202, this court declare the respective rights and duties of the parties in this matter, including, in particular, that the court declare that:

a.　the Bond is null & void, and the Surety is discharged of any duty on the Bond, because Pax Christi's architect, Turner & Ramirez, issued a certificate of substantial completion, which was signed by Pax Christi and its architect;

b.　any potential cause of action of Pax Christi has expired due to the bond's express contractual limitations period of 25 months from the date the cause of action accrued, which, at the latest, was April 22, 2014;

c.　the Bond is null & void because Pax Christi failed to obtain the contractually required "consent of surety" prior to releasing retainage and prior to making final payment;

d.　the Bond does not have an arbitration provision, and the Surety is not bound to arbitrate;

e.　full and final payment of the principal, Marshall, released the Surety from any obligations under the Bond;

f.　Pax Christi failed to give adequate notice and an adequate opportunity to cure the alleged issues;

g.　Pax Christi's alleged damages or estimated repair costs related to alleged deviations of the work from any applicable laws or building codes are not recoverable under the Bond, because Marshall had no duty to ensure that the work complied with laws and building codes;

h.　Final payment deprived the Surety of its bond options, including option #2 under the bond, and therefore this prevention by the obligee operated to exonerate the Surety;

i.　Pax Christi's acceptance of any patently defective work is a waiver, and costs associated with same are not recoverable under the Bond;

j.　Pax Christi, through its architect, negligently inspected the work, and impaired the Surety's collateral, which discharges the Bond;

k.　If Pax Christi paid for defective work, payment for the defective work constitutes a defense of overpayment, and exonerates the Surety.

## V.
## REQUEST FOR ATTORNEYS' FEES

23.     Pursuant to the contract, Texas law, and applicable statute, the Surety requests its attorneys' fees and costs of court.

## VI.
## PROPRIETY OF DECLARATION

24.     A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that Pax Christi demanded approximately $6-$7 million for alleged damages. The Surety contends that, after substantial completion, and after the actions and inactions of Pax Christi, it can have no liability under the Bond.

25.     This controversy is ripe for determination at this time because a demand for reimbursement of alleged damages has been made by Pax Christi, which the Surety denied.

26.     A declaratory judgment by this court of the rights and responsibilities of the Surety under the terms of the Bond and any other applicable documents would in all likelihood terminate the dispute between the parties in that it would decide what claims could be made by Pax Christi under the terms of the Bond.

## VII.
## REQUEST FOR RELIEF

For the foregoing reasons, the Surety respectfully requests that this court:

1.      Declare the rights and obligations of the parties;

2.      Award the Surety its attorneys' fees as permitted by the applicable contract, Texas state law, and statute, along with costs of court; and

3.      Grant such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

LANGLEY, LLP

 */s/ Keith A. Langley*
Keith A. Langley
State Bar No. 119119500
Southern District of Texas Bar No. 19121

1301 Solana Blvd.,
Building 1, Suite 1545
Westlake, TX 76262
(214) 722-7160
(214) 722-7161
klangley@l-llp.com

ATTORNEYS FOR LIBERTY MUTUAL
INSURANCE COMPANY